UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ALEX H. WALKER, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | CASE NO. 12-CV-506-FHM |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| DEFENDANT. | ) | |

## OPINION AND ORDER

Plaintiff, Alex H. Walker, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1]   In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court  in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards.  *See Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th

---

[1] Plaintiff Alex H. Walker's application was denied initially and upon reconsideration.  A hearing before  Administrative Law Judge (ALJ) John Volz was held July 29, 2010.  By decision dated August 19, 2010, the ALJ entered the  findings which are the subject of this appeal.  The Appeals Council granted Plaintiff's request for review on April 19, 2012.  The Appeals Council rendered its decision on July 13, 2012, finding that Plaintiff had not been under a disability, as defined in the Social Security Act, at any time from May 27, 2009, through the August 19, 2010 decision date.  The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1

Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th

Cir. 1994).  Substantial evidence is more than a scintilla, less than a preponderance, and

is such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion.  *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d

842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The

court may neither reweigh the evidence nor substitute its judgment for that of the

Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th

Cir. 1991).  Even if the court would have reached a different conclusion, if supported by

substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health*

*& Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 39 years old on the alleged date of onset of disability, 40 years old on

the date of the ALJ's denial decision, and 42 years old on the date of the Appeals Council's

decision.  He has a high school education and he previously worked as an automobile

mechanic.  Plaintiff claims to have been unable to work since June 25, 2009[2], due to

crushed right ankle, pulmonary embolism, and rheumatoid arthritis in back. [R. 148].

## The ALJ's Decision

The ALJ determined that the Plaintiff has severe impairments relating to status post

pulmonary embolism, status post right ankle fracture repair, rheumatoid arthritis, and

obesity.  [R. 21].  The ALJ found that the Plaintiff has the residual functional capacity (RFC)

---

[2] Plaintiff amended his alleged onset date to June 25, 2009, which is the date he filed his application. [R. 138].  The ALJ's Decision, the Brief in Support of Defendant's Administrative Decision, and the Hearing Transcript incorrectly identify Plaintiff's application date as May 27, 2009 and June 24, 2009. [R. 53, Dkt. 20, p. 1].

to perform less than the full range of sedentary exertional work[3] as defined in  20 CFR 416.967(a).   The ALJ found that Plaintiff could perform simple tasks with routine supervision, and have normal contact with the public. [R. 27].  The ALJ determined at step five that there are a significant number of jobs in the national economy that Plaintiff could perform. [R. 28].  Accordingly, the ALJ found Plaintiff was not disabled.  The case was thus decided at step five of the five-step evaluative sequence for determining a claimant is disabled.  *See Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).   The Appeals Council granted Plaintiff's request for review of the ALJ's decision and issued a decision finding Plaintiff was not under a disability as defined in the Social Security Act at any time from May 27, 2009 through August 19, 2010. [R. 4-7].

## Plaintiff's Allegations

Plaintiff asserts that the ALJ: 1) failed to properly evaluate the medical source opinions and other source opinion evidence; 2) failed to perform a proper step five determination; and 3) failed to perform a proper credibility determination.

## Analysis

### Evaluation of Medical and Other Source Opinion Evidence

Plaintiff argues that the ALJ failed to properly evaluate the medical source opinion evidence, specifically, the opinions of Dr. Lawrence Lieberman, M.D., and physical therapist Todd  Alpers, DPT, OCS, CHT.  On June 1, 2010, Plaintiff underwent a functional

---

[3]  Pursuant to CFR § 404.1567 sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

capacity evaluation (FCE) which was performed by Mr. Alpers. Mr. Alpers found that Plaintiff demonstrated the ability to return to a sedentary occupation within the guidelines of the functional capabilities for an eight hour day. The capabilities profile indicated that Plaintiff could not push or pull, climb ladders, kneel or squat, could seldom bend or climb stairs. Plaintiff could occasionally stand, grip, reach, or perform fine or gross manipulation. Mr. Alpers further opined that if the guidelines cannot be accommodated then Plaintiff did not demonstrate the ability to return to gainful employment. [R. 491-505]. The ALJ found:

> A DPT is not an "acceptable source" of medical evidence as outlined in 20 CFR 1513 (sic), but is rather an "other source". Although the information he provides may be helpful in learning more about the claimant's condition, I am not required to give significant weight to the opinion. Further, the Administrative Law Judge notes the claimant was seen by Mr. Alpers one time, solely for the purpose of this evaluation.

R. 25]. Plaintiff contends that Dr. Lieberman, Plaintiff's treating physician, adopted Mr. Alpers' report thereby making the opinion his own. [Dkt. 17, p. 2; Dkt. 23, p. 1]. Plaintiff argues that the ALJ failed to analyze Dr. Lieberman's opinion using the appropriate factors as required by *Goatcher v. U.S. Dep't of Health & Human Servs.,* 52 F.3d 288, 290 (10th Cir. 1995) and 20 CFR § 416.927(d). The ALJ's decision is not the last word on the subject of the weight afforded these opinions because, pursuant to Plaintiff's request, the Appeals Council granted review of the ALJ's decision. The Appeals Council issued a decision wherein it adopted the ALJ's decisional findings and conclusions. The Appeals Council also provided additional rationale concerning the opinions of Dr. Lieberman and Mr. Alpers:

On June 1, 2010, Mr. Alpers opined that the claimant could perform sedentary work, but was restricted to occasionally performing fine and gross manipulation (Exhibit 13F, Page 18). The Council finds that the assessed manipulative limitations are inconsistent with the longitudinal record. Specifically, the record shows that the claimant had 5/5 grip strength and full range of motion in his hands (Exhibit 6F, Page 5).

The decision also found that Dr. Lieberman opined that the claimant was limited to sedentary work (Decision, Page 8); however, Dr. Lieberman never rendered such an opinion (Exhibit 14R, Page 1).   Rather, Dr. Lieberman merely referenced Mr. Alpers' opinion and concluded that the claimant was not able to return to his previous employment.   The Council agrees with this conclusion.

[R. 5]. The Appeals Council thus determined that Dr. Lieberman did not "adopt" the opinion of Mr. Alpers that Plaintiff was limited to sedentary work, but agreed that Plaintiff was not able to perform his past relevant work.

The court finds that while there may be room for disagreement over the meaning of Dr. Lieberman's opinion, the Appeals Council's interpretation is not unreasonable.  The court may not displace the agency's choice between two fairly conflicting views, even though the court might have justifiably taken a different view had the matter been before it *de novo*.  The court reviews only the sufficiency of the evidence to support the decision, not the weight of the evidence.   *Oldham v. Astrue,* 509 F.3d 1254, 1257-58 (10th Cir. 2007).

Dr. Lieberman's opinion that Plaintiff could not return to his past relevant work does not conflict with the ALJ's decision and does not warrant further discussion or analysis by the Commissioner.  The opinion of Mr. Alpers, that Plaintiff could perform sedentary work is also in accord with the Commissioner's decision.  To the extent that Mr. Alpers found Plaintiff had further manipulative limitations, the Appeals Council adequately explained the

5

basis for rejecting that limitation was that those limitations were not consistent with the longitudinal record, especially Plaintiff's grip strength and the range of motion in his hands. [R. 5].   That, together with the ALJ's observation that the opinion was rendered by a physical therapist who examined Plaintiff one time, is a sufficient explanation for not crediting Mr. Alpers' opinion.

The court finds no merit to Plaintiff's assertion that the ALJ stated he gave the opinions of the State Disability Determination Services (DDS) physicians great weight, when in fact, he did not adopt their opinions.   The DDS physicians found Plaintiff could perform light work, [R. 349, 377], whereas the ALJ found Plaintiff could only perform sedentary work.  The ALJ's adoption of the DDS opinions would not benefit Plaintiff's quest to obtain disability.  *See Keyes-Zachary v. Astrue,* 695 F.3d 1156, 1163 n.2 (10th Cir. 2012)(analysis of opinions inconsistent with ALJ's decision not necessary where disregarded opinion is not favorable to claimant). The court finds that the evaluation of medical source opinions by the Commissioner is appropriate and supported by substantial evidence.

## Step Five Determination

Plaintiff contends that the hypothetical questions posed by the ALJ to the vocational expert did not include the manipulative limitations found by physical therapist Todd Alpers, and adopted by Dr. Lawrence Lieberman.  Plaintiff contends that he is unable to perform the  two jobs testified to by the vocational expert – semiconductor assembler and clerical mailer – as they require frequent reaching, handling, and fingering. [Dkt. 17, p. 6].  There is no merit to this argument.  Rejection of Mr. Alpers' manipulative limitations is supported by substantial evidence.  In posing a hypothetical question, the ALJ need only set forth

those physical and mental impairments which are accepted as true by the ALJ.  See *Kepler v. Chater*, 68 F.3d 387, 392 (10th Cir. 1995) (*Talley v. Sullivan*, 908 F.2d 585, 588 (10th Cir. 1990) (ALJ is not bound by the vocational expert's response to a hypothetical question which includes impairments that are not accepted as true by the ALJ).

### Credibility Determination

"Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings."  *Hackett v. Barnhart,* 395 F.3d 1168, 1173 (10th Cir. 2005)(citation, brackets, and internal quotation marks omitted).  The ALJ cited numerous grounds, tied to the evidence, for the credibility finding, including: Plaintiff's inconsistent statements about his activities; his weak work history before the alleged onset of disability; and lack of functional restrictions by treating physicians. [R. 26-27].   The ALJ thus properly linked his credibility finding to the record, therefore, the undersigned finds no reason to deviate from the general rule to accord deference to the ALJ's credibility determination.

Plaintiff also argues that the ALJ erred in his use of stock boilerplate language.  The Tenth Circuit has made it clear that in the absence of a more thorough analysis, the use of boilerplate language is not sufficient to support an ALJ's credibility determination.  The Tenth Circuit has made it equally clear that when the ALJ provides specific reasons for his credibility determination and links the credibility determination to the evidence, the presence of boilerplate language will not require remand.  *Cf. Boehm v. Astrue,* 2013 WL 541067 at *2 (10th Cir. 2013).  Moreover, the Tenth Circuit "precedent 'does not require a

7

formalistic factor-by-factor recitation of the evidence so long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility.'" *Poppa v. Astrue*, 569 F.3d 1167, 1171 (10th Cir. 2009) (quoting *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000)) (ellipsis and brackets omitted).

The court is satisfied that the ALJ's credibility findings are closely and affirmatively linked to substantial evidence.  Therefore, the court finds no reason to deviate from the general rule to accord deference to the ALJ's credibility determination.

### Conclusion

The court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts.  The court further finds there is substantial evidence in the record to support the ALJ's decision.  Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 20th day of September, 2013.


*Frank H. McCarthy*

**FRANK H. McCARTHY**
UNITED STATES MAGISTRATE JUDGE

8